UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE CARPIAUX, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF EMERYVILLE ) <br> REDEVELOPMENT AGENCY, ) <br> ) <br> Defendant. ) <br>_____) | No. C08-4347 BZ <br><br> **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

On February 23, 2009, the City of Emeryville Redevelopment Agency ("defendant") filed a motion to dismiss plaintiff Andre Carpiaux's ("plaintiff") complaint for failure to state a claim upon which relief may be granted, or, in the alternative, a motion for more definite statement pursuant to pursuant to Fed. R. Civ. Proc. 12(b)(6) and 12(e), respectively.[1]  After a series of continuances (*see, e.g.*, Doc. No. 27), plaintiff filed an opposition to defendant's motion to dismiss on July 7, 2009, and defendant thereafter filed a reply to plaintiff's opposition on July 13.  Plaintiff

---

[1] All parties have consented to my jurisdiction, for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

subsequently filed a request for a continuance on July 17, which the Court granted. (*See* Doc. No. 36.) In the Court's order granting plaintiff's request for a continuance, the Court noted that plaintiff's opposition to defendant's motion read more like an amended complaint than an opposition. The Court therefore treated plaintiff's opposition as an amended complaint, and set a further briefing schedule, which required plaintiff to file an opposition to any further papers filed by defendant no later than September 8, 2009. The Court received defendant's supplemental papers, but has not received plaintiff's opposition nor any request from plaintiff for a further continuance. Despite plaintiff's failure to file additional papers, the Court reviewed the motion, and for the following reasons **GRANTS IN PART** and **DENIES IN PART** defendant's motion to dismiss.

Plaintiff's complaint alleges violations of the Brown Act, Cal. Gov. Code §§ 54950-63, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and a variety of other state law tort claims, including civil conspiracy. With regard to the Brown Act and the ADA, plaintiff alleges that defendant failed to provide proper notice of community meetings and that upon attending the meetings, plaintiff was unable to participate because defendant did not provide appropriate auxiliary devices for hearing impaired individuals.[2]

---

[2] I note as an initial matter that to the extent that plaintiff's complaint attempts to assert claims under the Brown Act or the ADA on behalf of other individuals, those claims are **DISMISSED**, as plaintiff lacks standing to sue on behalf of

2

A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not require "detailed factual allegations," a pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." <u>Ashcroft v. Iqbal</u>, --- U.S. ---, 129 S.Ct. 1937 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). For purposes of such a motion, the complaint is construed in a light most favorable to the plaintiff and all properly pleaded factual allegations are taken as true. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969); <u>Everest & Jennings, Inc. v. Am. Motorists Ins. Co.</u>, 23 F.3d 226, 228 (9th Cir. 1994). Furthermore, courts are particularly liberal in construing "inartful pleadings" by *pro se* litigants. <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007); <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976).

Defendant moves to dismiss plaintiff's first cause of action, entitled "[p]roper service", arguing that plaintiff's complaint fails to allege sufficient facts to support a claim for relief. (Def's Mot. to Dismiss p. 7.) While the complaint does not specify whether this cause of action is based on federal or state law, fairly read, it appears to be

---

third parties. For a plaintiff to have standing to sue, a plaintiff must show (1) injury in fact; (2) a causal connection between the injury and the defendant's conduct; and (3) it is likely that the injury will be redressed by a favorable decision. <u>Lujan v Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992). Plaintiff fails to plead the first element, injury in fact, and therefore does not have standing to sue.

1  based on the Brown Act, which requires that public hearings be
2  properly noticed.  *See* Cal. Gov. Code § 54954.2.  The Brown
3  Act requires, in relevant part, that the agenda of a regular
4  meeting ". . . be posted in a location that is freely
5  accessible to members of the public."  Cal. Gov. Code §
6  54954.2.  The Brown Act also states that a person may request
7  an agenda upon written notice to the relevant agency or
8  designee.  Id.  Plaintiff's complaint alleges that plaintiff
9  "deserves more than a mere perfunctory announcement such as
10 posted at local fire station . . . ."  (Compl. p. 2.)  This
11 allegation effectively concedes compliance with the Brown Act,
12 as the allegation insinuates that notice of the meeting was
13 posted at a fire station, which is freely accessible to the
14 public.  Plaintiff's complaint does not allege that he
15 requested an agenda from defendant or that his request was
16 ignored or denied.  Therefore, plaintiff's first cause of
17 action for improper service under the Brown Act is **DISMISSED**.
18     Defendant next moves to dismiss plaintiff's second cause
19 of action, entitled "[f]ailure to provide adequate hearing
20 devices," arguing that plaintiff's complaint fails to allege
21 adequate facts to support a claim for relief under either the
22 Brown Act or the ADA.  The Court reviews the sufficiency of
23 plaintiff's complaint under both Acts.
24     The Brown Act requires that upon posting a notice of a
25 regularly scheduled meeting, the posted notice include
26 information directing individuals with disabilities on how to
27 request a modification or accommodation so that the disabled
28 individual may participate in the public meeting.  Cal. Gov.

Code § 54954.2(a)(1) ("The agenda shall include information regarding how, to whom, and when a request for disability related modification or accommodation, including auxiliary aids or services may be made by a person with a disability who requires a modification or accommodation in order to participate in the public meeting."). While the Brown Act requires that accommodations be made for disabled individuals, including those who suffer from hearing impairments, it also requires that the disabled attendee provide advance notice of what accommodations are needed. Id.

Here, plaintiff alleges that he attended a meeting at a local fire station[3] and that upon his arrival, he requested the assistance of an auxiliary hearing device. (Compl. p. 2.) Plaintiff's complaint does not allege that plaintiff requested an accommodation from defendant before the meeting, or that the posted notice of the meeting failed to provide the requisite information on who to contact to request such an accommodation in advance of the meeting. Accordingly, plaintiff's second cause of action fails to state a claim for relief under the Brown Act.

Defendant also argues that plaintiff's second cause of action fails to state a claim for relief under the ADA, which requires that a public entity provide auxiliary aids to the hearing-impaired when "necessary" for the individual's

---

[3] Plaintiff does not allege the specific dates of the meetings he attended. Construing the complaint liberally, and making all reasonable inferences in favor of plaintiff, I assume for the purpose of this motion that the meeting(s) that plaintiff attended were in fact meetings held by defendant.

5

participation.  *See* 28 C.F.R. § 35.160(b)(1).  To determine what auxiliary aids are necessary, "a public entity shall give primary consideration to the requests of the individual with disabilities."  28 C.F.R. § 35.160(b)(2).

Reading the complaint in its entirety, plaintiff pleads sufficient facts to state a claim for relief under the ADA. Plaintiff claims that since he lost his hearing he "has asked repeatedly [for] the City to provide accommodation(s) to comply with the A.D.A. . . . ." (Compl. p. 4.)  Plaintiff alleges that because he was not provided adequate auxiliary devices, he was unable to participate at defendant's regularly scheduled meetings.  Accordingly, defendant's motion to dismiss plaintiff's second cause of action is **DENIED.**

Defendant next moves to dismiss plaintiff's third cause of action, entitled "[a]bsence of notice and its content." It is not clear from plaintiff's complaint whether plaintiff's third cause of action arises under the Brown Act or the ADA, but under either Act, plaintiff's complaint is insufficient.  Plaintiff's complaint alleges that plaintiff did not receive personal notice of a meeting held by defendant and that there were no hearing assisted devices at the meeting, which prohibited plaintiff from full participation in the meeting.  (Compl. p. 3.)

For the same reasons that plaintiff's first cause of action fails, plaintiff's third cause of action also must fail.  In his complaint, plaintiff does not allege that defendant failed to publicly post a notice of either meeting, or that he requested personal notice from defendant and his

6

1  request was ignored or denied.  Therefore, plaintiff fails to
2  plead the necessary elements of a Brown Act violation.
3  Likewise, the ADA requires a public entity to take reasonable
4  measures to provide accommodation to individuals when
5  necessary for their equal participation.  26 C.F.R. §
6  35.160(b)(1).  Here, plaintiff does not allege that he
7  requested accommodation from defendant before or during the
8  meetings, only that he noticed that there were no devices
9  readily available to him.  Even construing the facts
10 liberally, plaintiff's complaint fails to plead adequate
11 facts to allege a violation of either the ADA or the Brown
12 Act.  Accordingly, defendant's motion to dismiss plaintiff's
13 third cause of action is **GRANTED**.
14     Defendant also moves to dismiss plaintiff's fourth cause
15 of action, entitled "[c]ivil conspiracy," arguing that
16 plaintiff fails to allege that defendant conspired with any
17 other person or entity, an essential element of conspiracy
18 under California law.  (Def's Mot. to Dismiss p. 10.)  A
19 claim of conspiracy under California law requires the
20 involvement of two or more persons or entities.  Black v.
21 Bank of America, 30 Cal. App. 4th 1, 6 (1994).  Plaintiff's
22 complaint alleges that defendant willfully violated the
23 requirements of the Brown Act and the ADA in an attempt to
24 limit his participation in local legislative meetings, but
25 the complaint does not allege that defendant conspired with
26 any other individual or entity.  Accordingly, defendant's
27 motion to dismiss plaintiff's fourth cause of actions is
28 **GRANTED**.

Defendant next moves to dismiss plaintiff's fifth, sixth, and seventh causes of action, entitled "[d]efendant's deceptive redundant strategy," "[a]buse of Judicial power," and "[e]xcessive abuse of (sovereign) IMMUNITY." Defendant argues that plaintiff fails to plead cognizable legal theories that would allow them to respond. Even construing the facts liberally in plaintiff's favor, the Court is unable to determine whether plaintiff states claims based on cognizable legal theories. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 129 S.Ct. 1937, 1949 (citing Twombly, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. Given that plaintiff has had previous opportunities to amend his complaint and has been unable to plead sufficient facts to allow the Court to draw a reasonable inference that defendant is liable for the alleged misconduct, plaintiff's fifth, sixth, and seventh causes of action are **DISMISSED.**

For the foregoing reasons, plaintiff's complaint is **DISMISSED** as to all but the second cause of action. Defendant's answer is due **October 15, 2009.**

This case is referred to a magistrate judge to conduct a settlement conference in the next **60-90 days**, if possible. Plaintiff, who has been found to be indigent, appears to be in need of counsel and good and just cause appearing, **IT IS**

**HEREBY ORDERED THAT** plaintiff is referred to the Federal Pro Bono Project to seek a lawyer for him for the limited purpose of assisting him at the settlement conference.  Upon being notified by the Project that an attorney has been located to represent plaintiff, and that plaintiff wants counsel, that attorney shall be appointed for the limited scope of representing plaintiff at the upcoming settlement conference.

Dated: September 22, 2009

                                      Bernard Zimmerman
                                 United States Magistrate Judge

G:\BZALL\-BZCASES\CARPIAUX C. CITY OF EMERYVILLE\ORDER GRANTING D'S MOT TO DISMISS1.wpd